# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 1, 2015

## STATE OF TENNESSEE v. JORDAN GREGORY LOVE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2012-A-432       Steve R. Dozier, Judge**

---

**No. M2015-00183-CCA-R3-CD – Filed September 7, 2016**

---

NORMA MCGEE OGLE, J., concurring in part and dissenting in part.

I agree with the majority's conclusions regarding Mr. Pilarski's testimony and the trial court's committing reversible error by admitting the codefendants' statements. To me, the fact that the State even pursued charges against everyone in the home and the victim's father is troubling. I write separately, though, to dissent from the majority's conclusion that the evidence is insufficient to support the Defendant's convictions.

First, the majority concludes that the evidence is insufficient to show that the victim suffered serious bodily injury because it does not establish a protracted or obvious disfigurement. As noted by the majority, "'[p]rotracted' is an adjective used to describe something that is delayed or prolonged in time." Derek Denton, No. 02C01-9409-CR-00186, 1996 WL 432338, at *5. "Obvious" means "easily seen, recognized or understood, open to view or knowledge." Random House Webster's Unabridged Dictionary 1339 (2d ed. 1998). The victim's mother testified that she was "completely shocked" when she first saw the victim's tongue, that his tongue "protruded from his mouth," and that it "opened up in two" when he smiled. She also stated that when he ate food, even baby food, it would fall out of his mouth and that when out in public, people would ask if there was any way to repair his tongue. She said that the victim would sit with his tongue protruding from his mouth and that it took a couple of months for the tongue to heal. I have reviewed the photographs of the victim's tongue and, like his mother, was shocked. Although the Defendant claims that the cut was small, only one to one and one-half centimeters in length, the victim's tongue was also small. Therefore, while the cut may have seemed small in relation to an adult's tongue, it was obvious and quite significant to a baby's tongue. As a result, I would hold that the evidence was sufficient for a jury to find that the cut to the victim's tongue qualified as serious bodily injury.

The majority also concludes that the evidence is insufficient to show that a dangerous instrumentality was used to abuse the victim. Granted, Dr. Patel was the only witness to conclude that the victim's tongue was cut with a sharp object. However, Dr. Holzen acknowledged that the injury could have been caused by a sharp object, and the Defendant himself said that the victim's tongue looked like it had been cut with a pair of scissors. Although Mr. Pilarski did not find any sharp object in the Defendant's bedroom that could have been used to cut the victim's tongue intentionally, he also did not find any object, such as a spoon, that could have cut the victim's tongue accidentally. Moreover, the victim's tongue was injured on June 11, but Mr. Pilarski did not examine the Defendant's bedroom until June 22, eleven days later. Thus, I would also hold that the evidence was sufficient for a jury to find that a dangerous instrumentality was used to injure the victim.

In sum, I believe that the evidence is sufficient to support the Defendant's convictions. Nevertheless, I agree with the majority's conclusion regarding Mr. Pilarski's testimony and that the trial court erred by admitting the codefendants' statements into evidence and that the error was not harmless. Accordingly, the Defendant's convictions must be reversed and the case remanded to the trial court for a new trial.

 

_____
NORMA MCGEE OGLE, JUDGE